JOSEPH BOUTIER *et al. vs.* ALGOT R. ABRAHAMSON.

MARCH 8, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J. This action of assumpsit was tried before a justice of the superior court sitting without a jury and a decision was rendered for the defendant solely on the ground of illegality of the agreement on which the plaintiffs based their claim. The case is here on their exception to such decision.

The plaintiff Joseph Boutier is a journeyman plumber and plaintiff Thomas F. Moore is a duly licensed master plumber. The defendant is engaged in the heating business under the trade name of Reinhold Heating. He was also at one time a registered apprentice plumber. The plaintiffs brought the instant action against him to recover for plumbing work performed at defendant's request on one job that he had contracted for with Low Supply Company and on another that he obtained directly from the owner of the property. At the trial he admitted that he was involved in each job and that he had an understanding with Boutier concerning the plumbing work, but he denied that he had hired plaintiffs to do it for him. He testified on the contrary that he worked on each job for Boutier. Thus the trial justice had to decide whether defendant had contracted to do plumbing work and had hired Boutier to do it for him

or whether the jobs were really obtained by plaintiffs and that Boutier had hired defendant to assist him.

The plaintiffs presented evidence tending to show that defendant had contracted to do the jobs in question; that he agreed with Boutier to have plaintiffs do the plumbing; that they obtained a permit for each job through Moore and performed the work required; that the compensation due therefor was $232.50; and that defendant had not paid the whole or any part thereof. The defendant testified in substance that he had not hired the plaintiffs, but that he had agreed with Boutier to assist him in doing the jobs and that Boutier had not paid him. During the course of his cross-examination, however, he made certain admissions that he had actually received money for the jobs and that he in turn had paid Boutier and Moore. Those admissions were plainly inconsistent with such testimony.

The defendant not only denied that he had engaged plaintiffs to do the plumbing work in question, but also claimed that in any event the agreement therefor was illegal and void because it was in violation of public laws 1945, chapter 1661, sec. 5. This section reads as follows:

> "Sec. 5. No person shall engage in this state in the business of plumbing as a master plumber, or as an employer of a journeyman plumber or plumber's apprentice or shall enter into contracts of agreements for the installation, maintenance or repair of plumbing or perform any of the acts specified in this act for performance by a master plumber, or shall advertise or represent in any form or manner that he is a master plumber unless such person possesses a certificate of license in full force and effect from the department of public health specifying such person as a master plumber."

In that connection he was allowed, over plaintiffs' objection, to show by the testimony of the secretary of the state plumbing board that neither Boutier nor defendant possessed a certificate of license as a master plumber from the state department of public health. The plaintiffs' objection

was based on the ground that a defense of that nature was not allowable under the general issue and therefore, in the absence of a special plea setting up affirmatively that the agreement under which the work was done was in violation of that section, such evidence was irrelevant.

The trial justice overruled the objection temporarily and admitted the evidence *de bene* assuring plaintiffs, however, that he would definitively rule thereon before considering such evidence and making his decision. At the conclusion of all the evidence he took the case under advisement and thereafter filed a rescript in which he found that defendant had hired Boutier to do the work; that it had been fully performed; and that defendant had made no payment therefor in whole or in part. But he also decided that the evidence of illegality of the agreement was admissible and that such evidence proved it was illegal and void, since neither Boutier nor defendant was a duly licensed master plumber and their agreement related to the installation, maintenance or repair of plumbing, in violation of the public policy of the state declared in sec. 5. In the course of his decision he expressly found that Moore was not a party to the agreement and had participated in the work only to the extent of procuring from the municipal authorities the necessary permit for each job.

The plaintiffs contend that the trial justice erred in considering the defense of illegality under the general issue, in holding sec. 5 applicable to the facts in evidence, and in failing to find on such evidence that plaintiffs had complied with that section. The first contention is without merit. "The general issue in *assumpsit* puts the plaintiff upon proving his whole case, and entitles the defendant, without special notice, to give evidence of anything which shows that the plaintiff ought not to recover." *Cargill* v. *Atwood*, 18 R. I. 303, 308. And 12 Am. Jur., Contracts, §223, p. 742, states that "according to the weight of authority, the illegality of an agreement is available as a defense even though

it is not pleaded." In *Craig* v. *State of Missouri,* 4 Peter's 410, 426, it is also stated: "Every thing which disaffirms the contract, every thing which shows it to be void, may be given in evidence on the general issue in an action of assumpsit."

The cases cited by plaintiffs in support of their contention, *White* v. *Almy,* 34 R. I. 29, and *Arava* v. *Bebe,* 48 R. I. 478, are not in point. In the *White* case the excluded evidence was not offered to prove the illegality of the contract but to establish defendant's right to a credit in the nature of a setoff against part of the plaintiff's claim under the contract, and the court held that could only be claimed by defendant in another action. In the *Arava* case the defendant sought to claim a setoff, and the court held that it could not be shown under the general issue in assumpsit since setoff was a statutory remedy unknown to the common law and therefore could only be taken advantage of in the manner provided by such statute. The plaintiffs clearly misconceive the import of those cases when they seek to compare them with the case at bar.

We need not discuss their second contention, because even though we assume that sec. 5 is applicable and that it is to be construed as requiring the intervention of a master plumber in every plumbing job however small, the evidence in our opinion shows compliance with such requirement. Apparently the trial justice took a contrary view of the evidence since he found that Moore was not a party to the agreement to have the work done. We do not agree with such view.

Whether or not Moore took part in the negotiations between defendant and Boutier that led up to the actual taking on of the jobs is of no consequence. The important thing is: Does the evidence show that he joined Boutier with the knowledge and acquiescence of defendant in doing anything necessary for performing the work? On this point we have the testimony of Boutier that he and Moore were

engaged on both jobs. While Boutier did all the actual work, Moore as a master plumber procured the local permit required for each job.

The defendant knew Moore was a master plumber and that he had procured such permits and was associated with Boutier on the jobs. He understood that he was doing business with both of them because he testified that he had "paid Mr. Moore and Mr. Boutier." The plaintiff Boutier testified that the jobs were sublet to him and Moore and that they did them together. It is true there is no evidence that Moore did any actual work on either job, but this was not necessary to constitute him a party to the executed agreement to do the work payment for which the instant suit is brought. Moreover defendant never contended that Moore was not involved in these jobs. On the contrary he expressly stated on the witness stand that Moore was in the "picture."

On our view of the evidence the jobs in question were undertaken and executed in substantial compliance with sec. 5 even if it is construed to require the intervention of a master plumber on every plumbing job without exception. The actual work on each job was performed by Boutier, a duly licensed plumber as required by P. L. 1945, chap. 1661, and each job was authorized by an official permit procured by the plaintiff Moore, a duly licensed master plumber.

The plaintiffs' exception is sustained, the decision is reversed, and on March 19, 1954 the defendant may appear before this court to show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the plaintiffs for $232.50 and costs.

*Isidore Kirshenbaum, Max Levin,* for plaintiffs.

*A. Louis Rosenstein, Leo L. Jacques,* for defendant.